IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES CROCKETT**, )
)
      Petitioner, )
)
v. ) Civil No. **07-705-DRH**
)
**EDDIE JONES,** )
)
      Respondent. )

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

    This Report and Recommendation is respectfully submitted to Chief Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

    Before the court is Respondent's Motion to Dismiss **(Doc. 13)**. Petitioner filed a response at **Doc. 16**.

    Charles Crockett is an inmate in the custody of the Illinois Department of Corrections. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 26, 2007.

    Respondent moves to dismiss because the petition was untimely.

### State Court Proceedings

    On February 22, 2001, following a bench trial in White County, Crockett was convicted of three counts of predatory criminal sexual assault of a child. He was sentenced to a term of 25 years imprisonment on each count, with the first two sentences to run consecutively, and the third to run concurrently.

    The facts of the case are set forth in Exhibit A, attached to **Doc. 14**. In view of the issue raised in the motion to dismiss, an extended recitation of the facts is not necessary. In brief, as stated by the Fifth District Appellate Court in its Rule 23 Order affirming the convictions on direct appeal, the three acts of sexual assault took place while the victim was staying at

petitioner's home. The victim was the six year old son of Crockett's cousin. The victim and his younger brother had been left by the their mother with defendant and his family for about two weeks in the summer of 1999.

The following chronology of events is taken from the exhibits attached to **Doc. 14.**

| Date of conviction | February 22, 2001 |
| --- | --- |
| 1st postconviction petition filed (direct appeal pending) | October 15, 2001 |
| 1st postconviction petition dismissed | January 9, 2002 |
| appeal from dismissal of 1st postconviction petition voluntarily dismissed | December 17, 2002 |
| Conviction affirmed on direct appeal | June 19, 2003 |
| PLA denied | October 7, 2003 |
| Petition for cert filed in U.S. Supreme Court | NO |
| Conviction Final | January 5, 2004 |
| 2nd postconviction petition filed | February 26, 2004 |
| 2nd postconviction petition dismissed | May 25, 2004 |
| PLA denied | September 27, 2006 |
| Habeas petition filed | September 26, 2007 |

## **Analysis**

On April 24, 1996, the present version of 28 U.S.C. §2244 came into effect. The statute creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his federal habeas petition *within one year of the latest of*:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction was affirmed on direct appeal on June 19, 2003, and his petition for leave to appeal was denied on October 7, 2003. In calculating the date on which his conviction became final for purposes of the habeas filing period, he also gets the benefit of the 90 day period in which he could have sought certiorari review in the United States Supreme Court, even though he did not do so. ***Lawrence v. Florida*, 127 S.Ct. 1079, 1083-1084 (2007); *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005).** Thus, his conviction became final on January 5, 2004.

**28 U.S.C. §2244(d)(2)** tolls the running of the one-year period during the time that a "properly filed" application for state postconviction remedy is pending. The first postconviction petition was filed and dismissed, and the appeal was dismissed, during the pendency of Crockett's direct appeal. Because his conviction was not yet final, the one-year period had not begun to run. The first postconviction petition therefore is irrelevant here.

The one-year period began to run on January 5, 2004, the date on which the conviction became final. 52 days later, on February 26, 2004 Crockett filed his second postconviction petition.[1] The 52 days between the date on which the conviction became final and the date on which postconviction petition was filed must be counted towards the limitation period. See, ***Jones v. Hulick*, 449 F.3d 784, 788 (7th Cir. 2006)**. That postconviction petition was dismissed by the trial court, and the Fifth District affirmed. Crockett's petition for leave to appeal to the Supreme Court was denied on September 27, 2006. The limitation period was tolled from the

---

[1] The petition was file-stamped March 1, 2004, but the certificate of service indicates that it was mailed on February 26, 2004. See, Ex. G. The court gives petitioner the benefit of the mailbox rule in its analysis. ***Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999).**

date on which the second postconviction petition was filed until date on which the PLA was denied. However, another 364 days passed between the date on which the PLA was denied and the date on which Crockett filed his habeas petition in this court.

It is readily apparent that Crockett's habeas petition was untimely. 52 days plus 364 days equals 416 days, more than the one year provided by 28 U.S.C. §2244(d)(1).

Crockett filed a third postconviction petition and a petition for relief from judgment in state court on the same day that he filed his habeas petition in this court. Those state court filings have no effect on the statute of limitations, however, because postconviction petitions filed after the one-year limitations period has expired do not revive the period. ***Johnson v. McCaughtry***, 265 F.3d 559, 564-565 (7th Cir. 2001); ***Teas v. Endicott***, 494 F.3d 580, 582-583 (7th Cir. 2007). The untimely petition is not saved by any other provision of §2244(d)(1).

It is apparent that §2244(d)(1)(B) and §2244(d)(1)(D) do not apply. Further, this case does not fall within the "retroactive application of a new constitutional principle" exception contemplated by §2244(d)(1)(C), as petitioner does not raise any new constitutional principle in his petition.

In paragraph 13 of the habeas petition, Crockett asks that his petition be held in abeyance until his pending state court matters are resolved. (Both the third postconviction petition and the petition for relief from judgment were dismissed by the state court on December 17, 2007. See, Ex. M & N. ). The Supreme Court has approved of holding a habeas petition in abeyance when the petition is "mixed," that is, it contains both exhausted and unexhausted claims. ***Rhines v. Weber***, 544 U.S. 269, 125 S.Ct. 1528 (2005). However, the instant case does not come within the ***Rhines*** stay and abeyance procedure, because Crockett's petition was not a timely filed mixed petition.

Lastly, there is no basis for equitable tolling here. In a recent case, the Supreme Court noted that is has not yet decided whether the one-year limitation period is subject to equitable

tolling. ***Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007)**. The Supreme Court held that, assuming without deciding that equitable tolling applies, in order to qualify, a petitioner would have to show that he has been diligently pursuing his rights, and that "extraordinary circumstances" prevented him from filing a timely petition. ***Id.*** In his response to the motion to dismiss, **Doc. 16**, Crockett explains that he has limited education and limited access to a law library. Even if equitable tolling applies, these are not extraordinary circumstances. See, ***Lawrence, id.; Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004); *Johnson v. Chandler*, 224 Fed.Appx. 515, 518-520 (7th Cir. 2007)("mistakes of law and ignorance of proper legal procedures are not sufficiently extraordinary to warrant tolling").**

Petitioner also suggests that failure to address the issues raised in his petition would cause a miscarriage of justice. He has not raised actual innocence in his petition, but, even if he had, actual innocence is not a freestanding exception to the one-year limitations period. Actual innocence is, in fact, "unrelated to the statutory timeliness rules." ***Escamilla v. Jungwirth*, 426 F.3d 868, 871-872 (7th Cir. 2005).**

## Recommendation

Because it is clear that Crockett's petition is untimely, this court recommends that Respondent's Motion to Dismiss **(Doc. 13)** be **GRANTED**.

The petition for habeas relief should be dismissed with prejudice.

**Objections to this Report and Recommendation must be filed by April 21, 2008**

**Submitted: April 4, 2008.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**