IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES CROCKETT**

    **Petitioner,**

**v.**

**EDDIE JONES,**

    **Respondent.**                                              **Case No. 07-cv-705-DRH**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

In an Order (Doc. 24) dated September 24, 2008, the Court adopted the findings of the Report and Recommendations ("R&R") (Doc. 20) and granted Respondent's Motion to Dismiss Plaintiff's **§ 2254** Petition for Writ of Habeas Corpus, over Petitioner's objections (Doc. 23). Ultimately, the Court found that Petitioner's § 2254 must be dismissed with prejudice as it was untimely filed pursuant to the one-year limitations period set forth in § 2244(d)(1). Although Petitioner argued his "actual innocence" warranted granting him habeas relief, the Court found he failed to demonstrate actual innocence, let alone new evidence of this nature not presented at trial (Doc. 24, p. 4).[1] The Court also found that the

---

[1] In its Order (Doc. 24, pp. 3-4), the Court stated:
[T]he law remains that the Seventh Circuit does not recognize actual innocence as a freestanding exception to overcome the one-year limitations period set forth in § 2244(d)(1). ***See Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2005);** *see also* ***Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004)**(citing *Flanders v.*

principles of equitable tolling did not apply to Petitioner's case to prevent dismissal.

Now before the Court is Petitioner's Petition for Relief From Judgment (Doc. 26). As he concedes it was filed more than ten days prior to the issuance of the Court's September 24, 2008 Order (Doc. 24) dismissing his habeas petition, Petitioner thereby makes his Motion pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)**. In support of his Motion, Petitioner argues that the state appellate court should have remanded his case back to the circuit court in order to appoint counsel to assist with presenting Petitioner's "actual innocence." Petitioner next asks the Court to take judicial notice of the attached documentation, which he asserts demonstrates his "actual innocence." Specifically, Petitioner was convicted for sexual assault of a minor, but he believes the attached documentation verifies that the victim had not been sexually assaulted in any manner. Therefore, Petitioner contends that the trial judge clearly fabricated a belief that the was sufficient to support his conviction (Doc. 26). In fact, Petitioner claims that the medical evidence relied upon by the trial judge to determine Petitioner's finding of "guilty" was

---

**Graves**, 299 F.3d 974, 978 (8th Cir. 2002) ("For [an actual innocence] claim to be viable . . . a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.")). Even if there were, "[i]n order to demonstrate actual innocence in a collateral proceeding, a petitioner must present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" **Balsewicz v. Kingston**, 425 F.3d 1029, 1033 (7th Cir. 2005) (citing **Schlup v. Delo**, 513 U.S. 298, 299, 327-28 (1995)).

"nonexistent" (*Id*. at ¶ 6).

**Rule 60(b)**

Essentially, "'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" ***Karraker v. Rent-A-Center,* Inc., 411 F.3d 831, 837 (7th Cir. 2005)(quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997))**. "A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule." ***Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)**.

**Rule 60(b)** provides, in pertinent part:

> The Court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

Reviewing the attachments to Petitioner's Motion, the Court does not find any conclusive or otherwise "clear" evidence to indicate Petitioner's actual innocence or that the victim of Petitioner's underlying criminal case was not a victim

at all.  Rather, the only conclusive evidence shows that Petitioner did not have a sexually transmitted disease ("STD").[2]  The fact that Petitioner did not have an STD does not conclusively prove his innocence nor does he show how it would prove the victim was not a "victim."  Moreover, it appears this documentation was available at the time of his criminal trial and during the time of his direct appeal – Petitioner does not argue otherwise.  The appellate court opinion affirming Petitioner's conviction indicates that there was other evidence which lead the trier of fact to find Petitioner was guilty beyond a reasonable doubt (*see* Doc. 14, Ex. 1).

For these reasons, the Court does not find that Petitioner's Motion qualifies for relief under any of the grounds enumerated in **Rule 60(b)**.  Accordingly, Petitioner's Petition for Relief From Judgment (Doc. 26) is **DENIED**.

**IT IS SO ORDERED.**

Signed this 27th day of May, 2009.

/s/     *David R Herndon*
**Chief Judge**
**United States District Court**

---

[2] In Petitioner's criminal proceedings, the victim was suspected of having genital warts, but this was never confirmed by medical personnel, as it was considered to be too traumatic to put the victim through such an examination.