IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES CROCKETT,

    Petitioner,

v.

EDDIE JONES,

    Respondent.                                            Case No. 07-cv-705-DRH

## ORDER

**HERNDON, Chief Judge:**

### Introduction

This cause is before the Court on pro se Petitioner Charles Crockett's "Notice of Appeal." For the reasons stated below, the Court construes the "Notice of Appeal" as a request for a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(1)(A).

### Background

In an Order dated September 24, 2008 (**Doc. 24**), the Court adopted the findings of the Magistrate Judge's Report and Recommendations ("R&R") (**Doc. 20**) and granted Respondent's Motion to Dismiss Plaintiff's § 2254 Petition for Writ of Habeas Corpus, over Petitioner's objections (**Doc. 23**). Ultimately, the Court found that Petitioner's § 2254 must be dismissed with prejudice as it was untimely filed pursuant to the one-year limitations period set forth in § 2244(d)(1). Although Petitioner argued his "actual innocence" warranted granting him *habeas corpus* relief, the Court found he failed to demonstrate "actual innocence," let alone new

evidence of this nature not presented at his trial (**Doc. 24, p. 4**).[1] The Court also found that the principles of equitable tolling did not apply to Petitioner's case to prevent dismissal. (**Doc. 24, p. 4**). The Court entered final judgment on October 27, 2008. (**Doc. 25**).

On October 27, 2008, Petitioner filed his "Petition for Relief from Judgement" (**Doc. 26**). As the Petitioner acknowledged in his "Petition for Relief from Judgment," the time period for a Motion to Reconsider pursuant to Federal Rule of Civil Procedure 59(e) had passed. Thus, the Court construed the Petition for Relief from Judgment as a Motion for Relief from a Final Judgment pursuant to Federal Rule of Civil Procedure 60(b). (**Doc. 27**). In the Rule 60(b) motion, Petitioner again argued his "actual innocence." (**Doc. 26**). On May 27, 2009 the Court denied the Rule 60(b) motion because it failed to raise any of the grounds for relief provided for under the rule or demonstrate any evidence of Petitioner's "actual innocence." (**Doc. 27**). Petitioner timely filed the instant "Notice of Appeal" on June 26, 2009. (**Doc. 28**).

## Analysis

In a *habeas corpus* proceeding in which the detention complained of arises from process issued by a state court, the applicant may not take an appeal unless a

---

[1] In its Order (**Doc. 24, pp. 3-4**), the Court stated:
> [T]he law remains that the Seventh Circuit does not recognize actual innocence as a freestanding exception to overcome the one-year limitations period set forth in § 2244(d)(1). See ***Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2005)**; see also ***Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004)(citing *Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002).**

circuit justice or a circuit or district judge issues a certificate of appealability.  **28 U.S.C. § 2253(c); FED. R. APP. P. 22(b)(1)**; *West v. Schneiter*, **485 F.3d 393, 394-395 (7th Cir. 2007)**.  Although Petitioner did not expressly request that this Court (or any other) issue a certificate of appealability, the "Notice of Appeal"requests that this Court "allow" him to appeal to the Seventh Circuit Court of Appeals.  Given that direct request for relief addressed to the District Court, the Court construes Petitioner's "Notice of Appeal" as a request for a certificate of appealability from the District Court and addresses it.[2]

"A certificate of appealability may issue under [28 U.S.C. § 2253(c)(1)] only if the applicant has made a substantial showing of the denial of a constitutional right." **28 U.S.C. § 2253(c)(2)**; *West v. Schneiter*, **485 F.3d 393, 394 (7th Cir. 2007)**.  In the case at bar, Petitioner's sole pleading upon which he might have shown a "denial of a constitutional right" is the "Notice of Appeal" that is the subject of this order.  However, Petitioner makes no such showing in the Notice of Appeal.  This alone is reason enough to deny his request for a certificate of appealability.  ***West*, 485 F.3d at 395**.

Even giving Petitioner the benefit of the doubt, and reconsidering those issues he raised during his *habeas* proceeding as though they were raised in the instant request, the Court still does not find any "substantial showing" of a denial of

---

[2] Federal Rule of Appellate Procedure 22(b)(2) states that "if no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  However, in this case the Court believes the language of the Notice of Appeal is sufficient to constitute a request to the District Court pursuant to Federal Rule of Appellate Procedure 22(b)(1).

a constitutional right. In the *habeas* proceeding, the Court found that Petitioner failed to comply with the one year limitations period for filing for *habeas* relief pursuant to 28 U.S.C. § 2254. The Court further found that the single issue he raised to except him from that limitations period, "actual innocence," was unsupported by the record and, in any event, was no exception at all. **(Doc. 24, p. 3-4); also see *West*, 485 F.3d at 395**. Those same arguments also did not justify reopening the case pursuant to Rule 60(b). Nor are any of those issues sufficient grounds for the issuance of a certificate of appealability because "questions of statutory interpretation, such as whether a petition is timely, do not qualify for a certificate [of appealability] because they do not concern the Constitution." ***West*, 485 F.3d at 395**.

The Petitioner's *habeas* petition was not timely and in the 7th Circuit "actual innocence" is not an exception to the limitations period. Because he does not show, nor has he previously shown, any "denial of a constitutional right," the Court **DENIES** his request for the issuance of a certificate of appealability.

**IT IS SO ORDERED**.

Signed this 9th day of July, 2009.

/s/  *David R Herndon*
Chief Judge
United States District Court